IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY L. BLESSING, CONRAD E. LINDQUIST,<br><br>                Plaintiffs,<br><br>     vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                Defendant. | **8:12CV251**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Union Pacific Railroad Company's motion to change venue, (filing no. 7), and its motion to sever, (filing no. 9). For the reasons set forth below, the defendant's motions will be denied without prejudice to re-filing after the evidence and arguments of counsel are more fully developed.

BACKGROUND

Plaintiffs Gary L. Blessing ("Blessing") and Conrad E. Lindquist ("Lindquist") have brought suit against Union Pacific under the Federal Employers Liability Act and the Locomotive Boiler Inspection Act. Blessing, an Iowa resident, and Lindquist, a South Dakota resident, elected to file suit in the United States District Court for the District of Nebraska – the site of Union Pacific's national headquarters.

Blessing was employed with Union Pacific as a Trainman and Locomotive Engineer from approximately 1967 to 2000. Lindquist was employed in various capacities, including as a Locomotive Engineer, from approximately 1968 to 2008. Plaintiffs allege that "throughout their careers with [Union Pacific], Plaintiffs worked together and performed the same or similar job duties as crewman on board locomotives, primarily out of Sioux City, Iowa." Filing No. 1, ¶8. Plaintiffs further allege they

suffered injuries due to their exposure to asbestos and/or asbestos-containing products while employed by Union Pacific. Filing No. 1, ¶25.

Defendant has filed motions seeking to change the venue of this case to the Northern District of Iowa, Sioux City Division and to sever the claims of the plaintiffs. Each motion will be addressed in turn below.

ANALYSIS

Motion to Transfer Venue.

Under the facts presented, the authority to transfer this case to another federal district is governed by 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The court must conduct "a case-by-case evaluation of the particular circumstances at hand and [consider] all relevant factors." Terra Inter., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). Judicial decisions have further identified a non-exclusive list of factors a court typically considers when addressing § 1404 motions, including 1) judicial economy, 2) the plaintiff's choice of forum; 3) the comparative costs of litigating in each forum, 4) each party's ability to enforce a judgment, 5) obstacles to a fair trial, 6) conflict of laws issues, 7) and the advantages of having a local court determine questions of local law. Id. Federal courts also give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer . . . typically bears the burden of proving that a transfer is warranted." Id. at 695.

Here, Plaintiffs elected to file suit in the District of Nebraska. This was a proper choice of venue under the Federal Employers' Liability Act. See 45 U.S.C. § 56. However, despite the fact Defendant's home office is located in the District of Nebraska, it alleges "[t]here exists no connection to the District of Nebraska in terms of Plaintiffs or their controversy with Union Pacific" and argues trial in Iowa would be more convenient for the anticipated witnesses and the plaintiffs. After weighing the potential risks and benefits of their trial location options, Plaintiffs chose to file their case in the District of Nebraska. This choice is entitled to deference

At this point in the litigation, the Defendant can make no more than general statements about who might be called as a witness and the record contains no information regarding where any experts, co-workers or treating physicians may reside. Moreover, the fact that each of the plaintiffs worked for Union Pacific for a substantial number of years and apparently performed work in a number of locations makes it even more difficult to predict whether former co-workers or treating physicians reside beyond this court's subpoena jurisdiction.

Under the facts presented, Union Pacific has not met its burden of establishing the Northern District of Iowa as a more appropriate venue for this case. Accordingly, Defendant's motion to transfer venue is denied without prejudice.

<u>Motion to Sever</u>.

Defendant has also filed a motion to sever Plaintiffs' claims or, in the alternative, to order separate trials for the plaintiffs. The joinder of parties to a law suit is governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20 provides that plaintiffs may join in a single action if "they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20 (a)(1)(A & B). Rule 21 provides that a court "may at any time, on just terms, add or drop a party . . . . or sever any claim against a party." Fed. R. Civ. P. 21. Likewise, Rule 42(b) states that a court may order separate trials "to avoid prejudice, or to expedite or economize." It is the defendant's burden to convince the court that claims should not be tried together. See, e.g., Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000)(placing the burden on the defendant to show it would experience prejudice if claims were not bifurcated).

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

> 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972). The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Id.

Defendant argues it will experience prejudice if the plaintiffs' claims remain joined and are tried together. Defendant alleges the Plaintiffs "have different work histories, and their allegations of asbestos exposure will involve investigation and evidence of conditions unique to their individual work environments, training, instructions, and duties." Filing No. 10, CM/ECF p. 7. Defendant also argues the

Plaintiffs' job responsibilities "likely varied" and "[i]nvestigation and evidence regarding their claims will likely involve the testimony of different coworkers." Id. Defendant further suggests that Plaintiffs' unique medical histories and family histories will differentiate their respective cases from one another. Thus, Defendant asserts, the distinction between the claims will likely lead to "jury confusion" and "irreparable prejudice to the Defendant.

Plaintiffs argue that their cases are properly joined because they arise out of the same set of facts and circumstances. See, e.g., Langrell v. Union Pacific R. Co., case no. 5:12cv00084, 2012 WL 3041312 (E.D. Ark., July 25, 2012)(finding commons questions of law and facts for plaintiffs bringing asbestos-related claims against Union Pacific where the plaintiffs engaged in similar jobs with the railroad during a similar period of time). Both plaintiffs assert their injuries are the result of Defendant's negligence including "continuing to purchase and/or use asbestos-containing products for decades after the dangers of such products were known and by failing to follow its own policies and/or procedures, including its own Asbestos Protection Policy, dated January 1, 1985." Filing No. 15, CM/ECF p. 4. Plaintiffs assert they were employed on Defendant's locomotives during overlapping time periods and "worked primarily out of the same railyard." Id. at CM/ECF p. 5. Undoubtedly much of the discovery regarding railyard practices, Union Pacific policies regarding asbestos exposure, and the plaintiffs' duties will be common to both plaintiffs and applicable to their cases.

Based on Plaintiffs' representations, the court finds that for discovery purposes, their claims are sufficiently related to one another and arise out of similar transactions or circumstances. Defendant's arguments are primarily based on possible differences between the plaintiffs. These differences may well become more defined as the case progresses; but at this time, the defendant has not provided sufficient evidence to meet its burden that severance or separate trials is warranted.

As with its motion to change venue, the defendant may be able to support its motion to sever after it obtains or develops discovery.  Therefore, Defendant's motion to sever will be denied at this time, but without prejudice to re-filing at a later date.

IT IS ORDERED, Defendants motions to transfer venue, (filing no. 7), and to sever the case, (filing no. 9), are denied without prejudice.

Dated this 5th day of October, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.